IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| COREY JOSEPH SCHUFF | § | |
| VS. | § | CIVIL ACTION NO. 1:23-CV-390 |
| OWIGHOWOTO ODUEME, *et al.*, | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, Corey Joseph Schuff, an inmate currently confined at the Wainwright Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against the following defendants: Sergeant Owighowoto Odueme, Sergeant Adeola Bosede, Disciplinary Hearing Captain Case Bellows, C/O Chelsa Hartfeld, and C/O John Doe.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Background

Plaintiff filed this civil rights complaint on October 30, 2023 (doc. #1). Plaintiff alleges Defendants Odueme and Bosede used excessive force against him on November 12, 2022, wherein Plaintiff suffered injuries as a result. *Id.* Plaintiff contends Defendants Hartfeld and John Doe witnessed the excessive use of force and did nothing to intervene. *Id.* As to Defendant Bellow, Plaintiff alleges he denied him due process during the disciplinary hearing related to the use of force. *Id.* Plaintiff seeks injunctive relief, compensatory damages, punitive damages, and other relief the court deems he may be entitled to. *Id.* Plaintiff sues the defendants in their individual capacity only. *Id.*

The court ordered Plaintiff to replead his cause of action on November 30, 2023 (doc. #5). Plaintiff filed a response on January 8, 2024, confirming Plaintiff did not lose any good conduct time as a result of the disciplinary hearing (doc. #7).

<u>Standard of Review</u>

This complaint is subject to screening under 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2)(B) provides for *sua sponte* dismissal of claims if the court finds they are frivolous or malicious or if they fail to state a claim upon which relief may be granted or if they seek monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id*. at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

<u>Analysis</u>

As outlined above, Plaintiff did not lose good conduct time as a result of the disciplinary conviction. As a result, the punishment did not implicate a liberty interest and Plaintiff was not entitled to due process of law in connection with the disciplinary proceeding. *Teague v. Quarterman*, 482 F.3d 769, 777 (5th Cir. 2007) ("[A]s a general rule, only sanctions that result in the loss of previously earned good conduct time credits will implicate a liberty interest."). Plaintiff's claims against Defendant Bellow lack merit and should be dismissed.

<u>Recommendation</u>

Plaintiff's claims against Defendant Bellow should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

<u>Objections</u>

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636(b)(1)(c).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen (14) days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

SIGNED this 1st day of April, 2024.

Zack Hawthorn
United States Magistrate Judge